FILED
JOHN P. HEHMAN
CLERK

2013 JUN 18 PM 3: 01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **COMPASS HOMES, INC.**<br>6537 Old Ironside Lane<br>Delaware, Ohio 43015, | Civil Action No.: 2:13 CV 0580 |
| Plaintiff, | Judge: JUDGE SARGUS |
| v. | MAGISTRATE JUDGE KEMP |
| **KENRIC CONSTRUCTION, INC.**<br>a/k/a **KENRIC FINE HOMES**<br>2728 Jewett Road<br>Columbus, Ohio 43065,<br>c/o Statutory Agent Ken Brengartner<br>2728 Jewett Road<br>Powell, Ohio 43065, | Jury Demand Endorsed Hereon |

and

**STEVE MORRISON d/b/a BUILDERS AIDE**
4276 Demorest Road
Columbus, Ohio 43123,

and

**MIKE MANIVILOVSKI**
889 Clear Brook Lane
Delaware, Ohio 43015,

and

**KRISTEN MANIVILOVSKI**
889 Clear Brook Lane
Delaware, Ohio 43015,

and

1

| | |
|---|---|
| **JOHN DOE(S), NOS. 1 THROUGH 10,** | ) |
| **Current Names And Addresses** | ) |
| **Unknown,** | ) |
| **Unknown Defendants,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

For its Complaint against Kenric Construction, Inc. aka Kenric Fine Homes, Steve Morrison dba Builders Aide ("Builders Aide"), Mike Manivilovski, Kristen Manivilovski, and John Doe(s), Nos. 1 through 10 ("John Does") (collectively "Defendants"), Compass Homes, Inc. ("Compass") states as follows:

## The Parties

1. Compass is an Ohio corporation with its principal place of business in Delaware County, Ohio.

2. Upon information and belief, Kenric Construction, Inc. is an Ohio corporation with a business address of 2728 Jewett Road, Powell, Ohio 43065.

3. Upon information and belief, Kenric Fine Homes is a registered trade name of Kenric Construction, Inc. (Kenric Fine Homes and Kenric Construction, Inc. are collectively referred to hereinafter as "Kenric").

4. Upon information and belief, Builders Aide is an individual who resides in Franklin County, Ohio and does business under the trade name, Builders Aide without registering that trade name.

5. John Does, which Compass could not discover the names of for purposes of its Complaint, are individuals and/or businesses that number between one and ten that committed actions or inactions that give rise to Compass's claims.

6. Upon information and belief, Mike Manivilovski is an individual who resides in Delaware County, Ohio.

7. Upon information and belief, Kristen Manivilovski is an individual who resides in Delaware County, Ohio (Mike Manivilovski and Kristen Manivilovski are collectively referred to hereinafter as the "Manivilovskis").

## Jurisdiction and Venue

8. Compass restates the preceding allegations as if fully rewritten herein.

9. This Court has federal-question subject-matter jurisdiction pursuant to 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 as well as supplemental subject-matter jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is proper because Defendants reside within this judicial district, they are doing business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred within this judicial district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1400(a); Rule 82.1 of the Local Rules of the Southern District of Ohio.

## Background Facts

11. Compass restates the preceding allegations as if fully rewritten herein.

12. Compass is a custom home builder that creates architectural designs and constructs and markets houses that embody those architectural designs.

13. In or around July 2010, at the Manivilovskis' request, Compass authored original architectural designs and drawings for a home they intended to construct (the "Copyrighted Compass Design"). Compass created the Copyrighted Compass Design with the understanding that the Manivilovskis would contract with it for the construction of a home based upon that design.

3

14. In or around September 2010, Compass completed the Copyrighted Compass Design. A true and accurate copy of the Copyrighted Compass Design is attached hereto as Exhibit A and incorporated herein by reference.

15. Compass included the following statement on the Copyrighted Compass Design:

> COPYRIGHT 2010
> ALL DRAWING AND WRITTEN MATERIAL APPEARING HEREIN CONSTITUTE THE ORIGINAL AND UNPUBLISHED WORK OF COMPASS HOMES INC. AND/OR THE SAME MAY NOT BE COPIED USED DISCLOSED OR CONSIGNED TO A THIRD PARTY WITHOUT THE EXPRESS WRITTEN CONSENT OF COMPASS HOMES INC. WHICH RETAINS THE COMMON LAW COPYRIGHT TO THIS MATERIAL.

16. On or about November 11, 2011, Compass registered the Copyrighted Compass Design with the United States Copyright Office. A true and accurate copy of the certificate of registration is attached hereto as Exhibit B and incorporated herein by reference.

17. Compass exclusively owns the copyrights in the Copyrighted Compass Design.

18. Upon information and belief, the Manivilovskis provided the Copyrighted Compass Design to Kenric, and entered into an agreement with it, pursuant to which Kenric would construct a home for them upon their real property located at 889 Clear Brook Lane, Delaware County, Ohio (the "Property") based upon an unauthorized copy or derivative of the Copyrighted Compass Design.

19. Upon information and belief, Builders Aide and John Does participated in the preparation of plans for a home upon the Property (the "Residence") that are based upon an unauthorized copy or a derivative of the Copyrighted Compass Design (the "Infringing Plans") and/or contributed to the construction of the Residence.

20. Upon information and belief, a true and accurate copy of the Infringing Plans is attached hereto as Exhibit C.

4

21. In 2011, Kenric constructed the Residence by using, creating, or directing the creation of the Infringing Plans.

22. Defendants never sought or obtained permission from Compass to use any of the Copyrighted Compass Design in any way or for any purpose.

23. Defendants had access to the Copyrighted Compass Design.

24. Defendants' activities have infringed and are infringing Compass's copyrights by, *inter alia*:

   a. Defendants have created and/or directed the creation of the Infringing Plans, which are unauthorized copies or derivatives of the Copyrighted Compass Design. The Infringing Plans are unlicensed copies or derivatives of the Copyrighted Compass Design, and Defendants' creation of them violates Compass's exclusive rights to reproduce the Copyrighted Compass Design and to create derivatives of the Copyrighted Compass Design;

   b. Upon information and belief, Kenric, Builders Aide, and John Does have created and/or directed the creation of non-pictorial representations of the Copyrighted Compass Design for use in their advertising, promotional, and marketing materials. Such representations are unlicensed copies or derivatives of the Copyrighted Compass Design, and Kenric, Builders Aide, and John Does' creation of them violates Compass's exclusive rights to reproduce the Copyrighted Compass Design and to prepare derivative works based on the Copyrighted Compass Design;

   c. Upon information and belief, Kenric, Builders Aide, and John Does have distributed copies of such non-pictorial representations of the Copyrighted

Compass Design in their advertising activities. Kenric, Builders Aide, and John Does' distribution violates Compass's exclusive right to distribute copies of the Copyrighted Compass Design, to distribute copies of derivatives of the Copyrighted Compass Design, to display the Copyrighted Compass Design publicly, and to display derivatives of the Copyrighted Compass Design publicly;

d. Defendants have constructed, facilitated the construction of, or directed the construction of, the Residence based upon the Infringing Plans. Defendants' construction, facilitation of construction, or direction to construct, violates Compass's exclusive right to reproduce the Copyrighted Compass Design and to prepare derivatives of the Copyrighted Compass Design;

e. Upon information and belief, Defendants undertook these activities despite actual knowledge of Compass's copyrights and despite prominent notices and warnings on the Copyrighted Compass Design that unauthorized use would constitute copyright infringement. Thus, Defendants undertook these activities with either actual knowledge or with reckless disregard that their actions constituted copyright infringement, and their activities constitute willful copyright infringement.

25. To the extent Defendants are using unauthorized copies or derivatives of the Copyrighted Compass Design on other current projects, their activities have caused, and will continue to cause, irreparable harm to Compass for which there is no adequate remedy at law.

## COUNT ONE - COPYRIGHT INFRINGEMENT

26. Compass restates the preceding allegations as if fully rewritten herein.

27.     Defendants' use, creation, and distribution of the Infringing Plans and their construction of the Residence based upon the those plans infringed Compass's copyrights in the Copyrighted Compass Design.

28.     Defendants willfully infringed Compass's copyrights in the Copyrighted Compass Design.

29.     As a direct and proximate result of their infringement, Defendants are liable for all of Compass's actual damages, including the amount of profit Compass would have earned from the design and construction of the Residence.

30.     Kenric, Builders Aide, and John Does are also liable to Compass for all profits they earned as a result of their infringing acts.

31.     Alternatively, Defendants are liable to Compass for statutory damages under 17 U.S.C. § 504(c).

## COUNT TWO – UNJUST ENRICHMENT/QUANTUM MERUIT

32.     Compass restates the preceding allegations as if fully rewritten herein.

33.     Defendants used the Copyrighted Compass Design without Compass's permission and/or consent by creating and distributing the Infringing Plans, constructing the Residence based upon the those plans, and using the Copyrighted Compass Design in promotional materials.

34.     Kenric has been unjustly enriched by its use of the Copyrighted Compass Design because it was paid for its work without paying Compass for it.

35.     Builders Aide and John Does have been unjustly enriched by their use of the Copyrighted Compass Design because they were paid for their work without paying Compass for it.

7

36. The Manivilovskis have been unjustly enriched by their use of the Copyrighted Compass Design because they received the benefit of the Residence based upon the Copyrighted Compass Design without paying Compass for it.

37. Defendants have knowingly retained their ill-gotten benefits, and it would be unjust for them to retain those benefits without full payment to Compass.

38. As a direct and proximate result of Defendants' being unjustly enriched, Compass incurred damages.

## COUNT THREE – CONVERSION

39. Compass restates the preceding allegations as if fully rewritten herein.

40. Compass is the rightful owner of the Copyrighted Compass Design.

41. Defendants have wrongfully converted, and continue to wrongfully convert, the Compass Design by creating and distributing the Infringing Plans, constructing the Residence based upon the those plans, and using the Copyrighted Compass Design in promotional materials.

42. As a direct and proximate result of Defendants' wrongful conversion, Compass has been damaged and continues to incur additional damages.

## COUNT FOUR – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

43. Compass restates the preceding allegations as if fully rewritten herein.

44. Prior to Kenric's involvement with the Manivilovskis, there was an existing business relationship between Compass and the Manivilovskis.

45. Upon information and belief, Kenric knew of the business relationship between Compass and the Manivilovskis.

8

46. Kenric acted with the intent to improperly interfere with Compass's business relationship with the Manivilovskis by wrongfully using, creating or directing the creation of, and distributing the Infringing Plans, constructing the Residence based upon those plans, and wrongfully using unauthorized copies or derivatives of the Copyrighted Compass Design in its promotional materials.

47. Kenric lacked any justification or privilege for its actions.

48. As a direct and proximate result of Kenric's actions, Compass suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Compass prays for judgment as follows:

(a) As to Count One:

   a. For actual damages pursuant to 17 U.S.C. § 504(b) against Defendants, jointly and severally, in an amount to be determined at trial;

   b. For disgorgement of infringer profits pursuant to 17 U.S.C. § 504(b) against Kenric, Builders Aide, and John Does in an amount to be determined at trial; and

   c. Alternatively, for statutory damages pursuant to 17 U.S.C. § 504(c) against Defendants, jointly and severally, in an amount to be determined at trial;

(b) As to Count Two:

   a. For actual damages against Defendants, jointly and severally, in an amount to be determined at trial;

(c) As to Count Three:

   a. For actual damages against Defendants, jointly and severally, in an amount to be determined at trial;

(d) As to Count Four:

    a. For actual damages against Kenric in an amount to be determined at trial;

(e) As to all Counts:

    a. For pre- and post-judgment interest;

    b. For a temporary restraining order as well as preliminary and permanent injunctive relief to enjoin Defendants and their assigns, agents and servants from infringing Compass's copyrights;

    c. For reasonable attorney's fees and costs incurred in this matter;

    d. For punitive damages; and

    e. For such other and further relief that the Court deems just.

Respectfully submitted,

/s/ Christopher T. O'Shaughnessy

Christopher T. O'Shaughnessy (0069004) (Trial Attorney)
Jason R. Harley (0083761)
Welin, O'Shaughnessy + Scheaf, LLC
240 N. Fifth Street, Suite 300
Columbus, Ohio 43215
614.484.0700; 888.671.1828 (fax)
CTO@wos-law.com
Jason.Harley@wos-law.com
*Attorneys for Compass Homes, Inc.*

## JURY DEMAND

Compass Homes, Inc. demands a trial by jury on all issues so triable.

*(signature)*

*Attorney for Compass Homes, Inc.*