IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| COMPASS HOMES, INC., | : | Case No. 13 CV 580 |
| Plaintiff, | : | Judge Sargus |
| v. | : | Magistrate Judge Kemp |
| KENRIC CONSTRUCTIONS, INC., et al., | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Defendant Steve Morrison's Crossclaim by Mike Manivilovski and Kristen Manivilovski (the "Manivilovskis" or "Crossclaim Defendants") (Doc. No. 14), which is hereby **DENIED** in part and in the alternative, the Motion for Leave to File Amended Crossclaim by Steve Morrison d/b/a Builders Aide ("Morrison" or " Crossclaimant") (Doc. No. 20), which is **GRANTED**.

### I. BACKGROUND

This action arises out of copyrighted drawings and designs prepared by Compass Homes, Inc. ("Compass") that Compass intended to use to construct a home for the Manivilovskis. Compass registered the copyrighted designs with the United States Copyright Office on November 11, 2011. Defendants have built a home for the Manivilovskis that Compass alleges was based on an unauthorized copy or derivative of the copyrighted designs, as well as used the copyrighted designs in promotional material. Compass initiated the case on June 18, 2013 asserting claims for copyright infringement against Kenric Construction, Inc., the Manivilovskis, Morrison, and other unnamed Defendants (collectively, "Defendants"), as well as claims for unjust enrichment. Morrison has crossclaimed against Kenric Construction, Inc. and the Manivilovskis seeking indemnification for any amounts that may be decreed against him. This

1

matter is now before the Court on a Motion to Dismiss filed by the Manivilovskis, which is ripe for review. In the alternative, Morrison has filed a Motion for Leave to Amend his Crossclaim.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555.

In the alternative, Morisson has plead for leave to amend his crossclaim. Federal Rule of Civil Procedure 15 provides, "[A] party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "A Court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)). Courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id*. Thus, courts may deny leave to amend when a proposed amendnment fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b).

2

Courts interpret Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (citations omitted).

### III. ANALYSIS

Crossclaim Defendants have filed a Motion to Dismiss Morrison's Crossclaim seeking indemnification. Crossclaim Defendant's Motion alleges both a failure to state a claim and that the request for indemnification is not ripe for adjudication. Each issue will be addressed in turn.

### A. Failure to State a Claim

Crossclaim Defendants assert that Crossclaimant has failed to plead facts sufficient to support a claim, and failed to allege sufficient facts to put the Manivilovskis on notice of what claim is being alleged. The Court agrees with the Crossclaim Defendants that at this time the Crossclaim and Response in Opposition are both insufficient.

Morrison's Crossclaim refers to a contractual agreement between Morrison and Kenric Construction, Inc., but fails to provide the Court with any evidence of such agreement, or any additional facts as to what the agreement entailed. A mere statement in a complaint that a contract existed is found to be a legal conclusion and should not be assumed by the Court as true, nor be construed as a factual allegation. *Sainaam, Inc. v. Am. Nat. Prop. & Cas. Co.*, 08-1149, 2008 WL 4346679 (W.D. Tenn. Sept. 16, 2008). Therefore, without the contract itself or additional facts concerning the relationship between Morrison and the Manivilovskis, the Court cannot assume such a binding agreement existed. Nor can the Court take the additional step in assuming that the contract addressed the issue of indemnification without additional evidence of such an agreement. Further, Morrison alleges the Manivilovski's were in "willful violation," without specifically indicating what agreement, or the terms of what agreement the

3

Manivilovskis willfully violated. Again, if the willful violation is in reference to a contractual agreement or some other relationship between Crossclaimant and the Manivilovskis, then further evidence of such relationship needs to be made available to put the Manivilovskis on notice of the claim. Thus, the Court is granting leave to amend to allow Morrison to provide the Court and Crossclaim Defendants with the contractual agreement entitling Morrison to indemnification, or, in the alternative, additional facts directed to the relationship between the parties and the willfull violation of the Manivilovskis.

**B.    Ripeness**

Crossclaim Defendants allege in the alternative that Morrison's crossclaim should be dismissed because the request of indemnification is not ripe for adjudication. Defendants assert that the request is not ripe because "'[t]here can be no indemnity without liability.'"(Memo. In Support ¶6 Doc. 23) (citing *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 771 (6th Cir. 2006). The Court agrees that "[a]bsent fault, there is no basis for indemnification, since 'one party must be 'chargeable' for the wrongful act of another as a prerequisite for indemnity.'" *O'Neill v. Showa Denko K.K.*, 101 Ohio App. 3d 345, 349, 655 N.E.2d 767, 769 (1995) (citing *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898, 899). However, the court in *O'Neill* found that the crossclaim for indemnification could not prevail at the conclusion of trial after no liability to the Plaintiff was found. *Id*. The crossclaim in *O'Neill*, much like the crossclaim filed by Morrison, sought indemnification "'*[i]f [Defendant] is found to be liable* to the Plaintiffs on any of the claims asserted by Plaintiffs, . . .[t]hus, . . . [entitling Defendant] to complete indemnification . . . *to the extent of any judgment rendered in favor of Plaintiffs.*' (Emphasis added.)" *Id*. Similarly, here, Morrison has sought "indemnification and judgment over for any amounts that *may* be decreed, due and owing from this Defendant to Plaintiff. (Emphasis added.)" (Crossclaim ¶5 Doc. 9).

4

Therefore, in comparing the present issue to that in *O'Neill*, the Court finds that indemnification is ripe for adjudication at this time and the appropriateness of whether Morrison may ultimately be indemnified is one to be addressed when the issue of liability is resolved. Thus, the Court partially **DENIES** the motion to dismiss as a claim of indemnification dependent on the case outcome would be ripe for adjudication.

## IV.  CONCLUSION

For the foregoing reasons, Crossclaimant Steve Morrison's Motion for Leave to Amend is **GRANTED**; Crossclaim Defendants Mike and Kristen Manivilovski's Motion to Dismiss is partially **DENIED.** If Crossclaimaints amended crossclaim adequately pleads a claim for indemnification, the claim would be ripe for adjudication and as such would not be a valid grounds for dismissal.

**IT IS SO ORDERED.**

2-21-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5